IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
August 2000 Session

### STATE OF TENNESSEE v. JOHNNIE BELL, JR.

**Appeal from the Criminal Court for Sullivan County**
**No. S41906     Phyllis H. Miller, Judge**

**No. E1999-00819-CCA-R9-CD**
**November 27, 2000**

DAVID H. WELLES, J., concurring and dissenting.

### CONCURRING AND DISSENTING OPINION

I agree that the failure by the prosecutor to consider and articulate all of the relevant factors in denying the pretrial diversion application constitutes an abuse of discretion. Therefore, I agree with the majority's conclusion that the trial court erred when it found no abuse of prosecutorial discretion in denying the Defendant's request for pretrial diversion. Because the prosecutor abused his discretion in denying the Defendant's application for pretrial diversion, I would reverse the order of the trial court denying pretrial diversion and remand the case for an order directing the prosecuting attorney to place the Defendant on pretrial diversion.

Our legislature has placed the decision of whether to grant or deny an application for pretrial diversion squarely within the discretion of the prosecuting attorney. Tenn. Code Ann. § 40-15-105. The law provides for judicial review of the prosecutor's decision only for the purpose of determining whether the prosecution has acted arbitrarily and capriciously in granting pretrial diversion or has committed an abuse of discretion in failing to divert. Id. § 40-15-105(b)(2)-(3). The abuse of discretion standard does not allow the trial court to substitute its judgment for that of the prosecutor. State v. Carr, 861 S.W.2d 850, 856 (Tenn. Crim. App. 1993). The majority opinion concludes that if the trial court finds that the prosecutor has abused his or her discretion by failing to consider all of the relevant factors in denying diversion, the trial court must disregard the decision of the prosecutor, conduct a de novo review of the application, and then decide the diversion question on the merits.

In State v. Curry, 998 S.W.2d 153 (Tenn. 1999), the defendant applied for pretrial diversion and the prosecutor responded with a letter denying the application. The defendant sought review of the prosecutor's decision. The trial court found that the prosecutor had abused his discretion in denying pretrial diversion and ordered that the defendant be placed on pretrial diversion. In upholding the decision of the trial court, our supreme court stated,

In this case, the prosecutor's denial letter concentrated solely upon the circumstances of the offense and, arguably, a veiled consideration of deterrence. There was no apparent consideration given to the defendant's lack of a criminal record, favorable social history, and obvious amenability to correction. Moreover, the prosecutor did not articulate or state why those factors that were considered, i.e., seriousness of the offense and deterrence, necessarily outweighed the other relevant factors. <u>The evidence presented a close case on the diversion question; however, the failure by the prosecutor to consider and articulate all of the relevant factors constitutes an abuse of discretion</u>.

988 S.W.2d at 159 (emphasis added).

I believe the above emphasized language in <u>Curry</u> means that even though the denial of diversion would have been justified had the prosecutor <u>considered</u> all relevant factors, the fact that the prosecutor did not consider and articulate all relevant factors mandates reversal of the prosecutor's decision.

In <u>Curry</u>, our supreme court also concluded that it would be inappropriate for the trial court to conduct an evidentiary hearing to allow the prosecutor to "fill in the gaps" and thus attempt to demonstrate that all relevant factors had in fact been considered in the denial. <u>Id.</u> at 160. The court emphasized that such a procedure "decreases the importance of the written response and increases the risk that new reasons or considerations will be introduced during the hearing without notice to the defendant." <u>Id.</u> The court also emphasized that the abuse of discretion standard of review required the trial court to consider only that which had already been considered by the prosecutor. <u>Id.</u> The prosecutor's written response is now the exclusive and unrebuttable evidence of the factors which the prosecutor considered in denying diversion. The trial judge <u>must</u> presume that the factors set forth in the letter are the only factors considered by the prosecutor.

Once it has been determined that the prosecutor has abused his or her discretion in granting or denying pretrial diversion by failing to consider all relevant factors, the majority concludes that the trial judge must then conduct a <u>de novo</u> review of the application, assume the role of the prosecutor, substitute its judgment for that of the prosecutor, and decide whether pretrial diversion is warranted. I find no authority for this expanded role of the court. I believe the legislature envisioned that if the court determined that the decision to deny diversion was an abuse of the prosecutor's direction, that decision should be overturned. I believe the procedure adopted by the majority decreases the importance of the prosecutor's written response and invites new reasons and considerations regarding the grant or denial of diversion. <u>See id.</u> I also fear that this procedure tends to interject the trial judge into the plea agreement procedure as the State's representative.

Thus, under the majority opinion, the prosecutor's letter denying pretrial diversion must first be reviewed by the trial court to determine whether the letter demonstrates that the prosecutor has considered and articulated all relevant factors. If the letter passes this legal review, the trial judge then presumes that the prosecutor's decision is correct and reviews the decision only for an abuse

of discretion. Only if there is no substantial evidence to support the prosecutor's decision can the trial court find an abuse of discretion. The appellate court first reviews the trial court's initial decision that the prosecutor considered and articulated all relevant factors. The appellate court then reviews the trial court's ultimate decision to determine whether the trial court's decision is supported by a preponderance of the evidence. If the prosecutor's letter denying diversion does not demonstrate that the prosecutor considered and articulated all relevant factors, the trial judge must then exercise its discretion and make a <u>de novo</u> decision on the merits of the pretrial diversion application. Again, the appellate court first reviews the trial court's review of the prosecutor's letter. If the appellate court agrees that the letter demonstrates an abuse of discretion, the appellate court then reviews the trial court's decision on the merits only for an abuse of discretion and may disturb that decision only if no substantial evidence supports the decision of the trial court.

I conclude that it is <u>only</u> the prosecuting attorney who should exercise discretion in deciding whether a criminal defendant is entitled to pretrial diversion. That decision is subject to review by the courts <u>only</u> for an abuse of discretion. I do not believe the trial court should be exercising discretion in determining whether someone should be prosecuted. If the defendant meets the statutory qualifications for pretrial diversion and the trial court finds that the prosecuting attorney has committed an abuse of discretion in failing to allow diversion, then I believe <u>Curry</u> mandates that the defendant be placed on diversion.

I am aware that this procedural "bright line" rule would make the prosecutor's letter "all important." It would mean that if the prosecutor's denial letter is found to be deficient, an undeserving but qualified applicant may on occasion receive pretrial diversion. One way to avoid this result would be to direct the prosecutor to revisit the application and articulate his or her consideration of all relevant factors, much in the same manner that appellate courts remand sentencing issues to trial courts for further consideration. This would then allow the trial court to review the prosecutor's decision, but only for an abuse of discretion. I recognize that <u>Curry</u> apparently prohibits this approach.

For the reasons stated herein, I would reverse the judgment of the trial court denying pretrial diversion. Therefore, I respectfully dissent.

_____
DAVID H. WELLES, JUDGE